IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

RA'SHEA ARRINGTON,

               Plaintiff,

      v.

GARY MERLINE and LAMONT CRUZ,

               Defendants.

HON. JEROME B. SIMANDLE

Civil No. 05-775 (JBS)

**MEMORANDUM OPINION AND ORDER**

**SIMANDLE**, U.S. District Judge:

This matter is before the Court upon the unopposed motion for summary judgment by Defendants Merline and Cruz pursuant to Rule 56(c), Fed. R. Civ. P., filed on October 17, 2005 [Docket Item 19]; and the Court having considered the brief in support of the same; and no brief having been filed in opposition;

The Court makes the following findings:

1. Plaintiff is currently housed at the Atlantic County Justice Facility ("ACJF"). Plaintiff filed this Complaint on February 9, 2005 pursuant to 42 U.S.C. § 1983, claiming (1) he was without heat or hot water at the ACJF for several months, and (2) Defendants prevented him from calling his attorney pending his homicide trial.

2. First, the Complaint states that "from on or about January 1, 2005, until present, the heat and hot water have been off" at the ACJF. (Compl. at 4-5.)

According to Plaintiff, numerous times during December 2004 and January 2005 the temperatures inside the ACJF dropped below freezing.  (Id.; Def. Ex. B, Arrington Dep. Tr. at 24:7-11.)

3.   Plaintiff claims that the areas without heat included the library, hallways, stairwells, visiting areas, and cells.  (Id.)  Plaintiff alleges that Defendant Warden Gary Merline ignored his complaints and grievances, and that no extra bedding or blankets were distributed to inmates, including Plaintiff.  (Id. at 5.)

4.   Plaintiff filed an Inmate Grievance Form on January 14, 2005, detailing his complaints.  (Def. Ex. E.)  On January 31, 2005, Defendant Lamont Cruz, Director of Inmate Services, responded to Plaintiff in writing that "you must 1st submit a written complaint on an Inmate Request form to be submitted to the proper department to have [your] complaint addressed.  Grievances will not be accepted until this has been done."  (Def. Ex. F.)

5.   According to Albert Zipfel, Jr., a maintenance employee at the ACJF during the relevant period, the air-handling unit and the hot water boiler regulating the section of the facility housing Plaintiff were functioning properly from December 2004 through

2

February 2005.[1]  (Def. Ex. H, Zipfel Aff. ¶¶ 2-11.)
Moreover, the temperature in that area was mainatined
at between 70° and 73°F.  (Id. ¶ 6.)

6.    Second, Plaintiff claims that Defendant Cruz
disregarded Plaintiff's requests to call his attorney
in advance of his pending homicide trial.  (Id. at 6-
7.)

7.    Plaintiff concedes that he has "unrestricted access" to
payphones and has attempted calls to his attorney,
(Arrington Dep. Tr. at 25:23-26:1,) but that his
attorney refused to accept his collect calls.
(Arrington Dep. Tr. at 26:5-7.)  In his deposition,
Plaintiff admitted that he was never denied access to a
pay phone.  (Id. at 27:11-13.)

8.    Plaintiff filed an Inmate Request Form dated January
31, 2005 requesting to make a telephone call to his
attorney.  (Def. Ex. D.)  Defendant Cruz replied in
writing on January 31, 2005, whereby he notified
Plaintiff of his "unobstructed access" to the pay
telephone system.  (Id.)  Cruz also notified Plaintiff
that if Plaintiff's counsel refused to accept
Plaintiff's calls, that Plaintiff may write to his
attorney or have counsel visit him at the ACJF.  (Id.)

---

[1]Mr. Zipfel's log entries corresponding to those dates seem
to corroborate his sworn affidavit.  (Def. Ex. G.)

9.  Defendant filed this motion for summary judgment under Rule 56(c), Fed. R. Civ. P., on October 17, 2005.  On a motion for summary judgment, the court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment of law." Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Fed. R. Civ. Proc. 56(c)).  If the nonmoving party fails to oppose the motion by evidence such as written objection, memorandum, or affidavits, the court "will accept as true all material facts set forth by the moving party with appropriate record support." Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990) (quoting Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989)). Unopposed summary judgment motions will be granted where "appropriate" and if movants are entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(e); see Anchorage Assocs., 922 F.2d at 175.

Conditions of Confinement

10. First, the Court will dismiss Plaintiff's conditions of confinement claim.  In analyzing whether a pretrial detainee's conditions of confinement violate due process, the proper inquiry "is whether those conditions amount to punishment of the detainee." Bell

4

v. Wolfish, 441 U.S. 520, 535 (1979); see also Fuentes
v. Wagner, 206 F.3d 335, 342 (3d Cir. 2000)
(articulating what constitutes unlawful punishment).

11. Here, the Court accepts as true the uncontroverted
    affidavit and accompanying proofs submitted by
    Defendants demonstrating that the heat and hot water
    systems in that portion of the ACJF housing Plaintiff
    were functioning properly during the relevant time
    period.  Anchorage Assocs., 922 F.2d at 175.
    Accordingly, Plaintiff's unlawful punishment claim will
    be dismissed.

Communication With Legal Counsel

12. Next, the Court will dismiss Plaintiff's claim that he
    was prevented from communicating with counsel.
    Inmates' ability to communicate with their lawyers is
    protected by their constitutional right of access to
    the courts and may implicate the Sixth Amendment right
    to assistance of counsel in criminal proceedings.  See
    Aswegan v. Henry, 981 F.2d 313 (8th Cir. 1992) (holding
    prisoners do not have constitutional right to unlimited
    telephone use).

13. A prisoner's right to communicate with legal counsel is
    not unlimited.  Id.  Prison officials can limit
    communications, particularly telephone communications,

to ensure, safety, security, and the orderly operation of the institution.  See <u>Griffin-El v. MCI Telecommunications Corp.</u>, 835 F. Supp. 1114, 1122-23 (E.D. Mo. 1993), <u>aff'd</u>, 43 F.3d 1476 (8th Cir. 1994).

14.   Here, Plaintiff concedes that Defendants did not prevent his use of payphones at the ACJF.  Moreover, the Court accepts as true the proofs submitted by Defendants demonstrating that Plaintiff indeed had an unobstructed use of the payphones.  <u>Anchorage Assocs.</u>, 922 F.2d at 175.  That Plaintiff's counsel may have refused to communicate with Plaintiff does not alter this reality.  Accordingly, the Court will dismiss Plaintiff's claim that Defendants violated his constitutional right to communicate with his attorney.

THEREFORE, IT IS this   **9th**   day of November 2005 hereby

ORDERED that the unopposed motion for summary judgment by Defendants [Docket Item 19] shall be, and hereby is, **GRANTED**; and

IT IS FURTHER ORDERED that the Complaint shall be, and hereby is, **DISMISSED** in its entirety **WITH PREJUDICE**.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
U.S. District Judge