IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RA'SHEA ARRINGTON,<br><br>        Plaintiff,<br><br>  v.<br><br>GARY MERLINE and LAMONT CRUZ,<br><br>        Defendants. | HON. JEROME B. SIMANDLE<br><br>Civil No. 05-775 (JBS)<br><br>**Addendum to 11/9/05 Memorandum Opinion and Order** |

     This matter came before the Court upon the motion for summary judgment by Defendants Merline and Cruz pursuant to Rule 56(c), Fed. R. Civ. P., filed on October 17, 2005 [Docket Item 19]; and said motion having been made returnable November 18, 2005, thereby requiring Plaintiff's opposition thereto to be filed no later than November 4, 2005 pursuant to L. Civ. R. 7.1(d)(2); and the Court having issued a Memorandum Opinion and Order dated November 9, 2005, granting as unopposed Defendants' motion for summary judgment [Docket Item 22]; and

    The Court now noting that Plaintiff did file an untimely written opposition to the motion for summary judgment on November 7, 2005, but that Plaintiff's submission was not docketed by the Clerk of the Court until November 10, 2005 [Docket Item 21]; and the Court having considered Plaintiff's written opposition; and

The Court making the following findings regarding Plaintiff's untimely submission:

1. Plaintiff attached to his three-page handwritten opposition several exhibits documenting his attempts to place legal telephone calls to his attorney. First, Plaintiff attached an Inmate Request Form dated December 20, 2004, stating that he had requested to make a telephone call to his attorney the prior week, but that he never received a response. The notations made on Plaintiff's Inmate Request Form by a staff member in the Office of Inmate Services indicate that the Form was received by that office on December 20, 2004, at which time it was forwarded to Defendant Cruz.

2. Second, Plaintiff attached to his untimely written opposition an Inmate Request Form dated January 24, 2005, complaining that he had already made two identical requests. The notations on that Inmate Request Form indicate that the Form was received by the Office of Inmate Services on January 24, 2005 and forwarded to Mr. Cruz.[1]

---

[1] Additionally, Plaintiff attached to his written opposition documents relating to his use of the prison law library. The Court notes that Plaintiff's section 1983 action asserts only two claims: (1) that Plaintiff was without heat or hot water at the ACJF for several months; and (2) that Defendants prevented Plaintiff from placing legal telephone calls to his attorney. Documents related to Plaintiff's use of the law library are, thus, irrelevant for present purposes.

3. The Court concludes that none of the exhibits attached by Plaintiff alters the Court's original conclusion, as expressed in the Memorandum Opinion and Order filed November 9, 2005, that Defendants did not prevent Plaintiff's use of payphones at the ACJF.  As the Court previously recognized, Plaintiff concedes that he has "unrestricted access" to payphones and has attempted calls to his attorney on multiple occasions, (Arrington Dep. Tr. at 25:23-26:1; 27:11-13,) but that his attorney refused to accept his collect calls. (Arrington Dep. Tr. at 26:5-7.)  In light of these concessions by Plaintiff, Plaintiff's untimely written opposition, and the exhibits attached thereto, do not create a dispute of material fact as to Plaintiff's constitutional claim under 1983 that he has been denied access to payphones at the ACJF.

4. Moreover, Plaintiff has not submitted any documents together with his untimely written opposition relating to his claim under section 1983 that the he was without heat or hot water at the ACJF for several months. Likewise, Plaintiff does not discuss in his written submission the merits of that claim; for the foregoing reasons;

3

The Court concludes that Plaintiff's untimely written opposition does not create a dispute of material fact regarding either of Plaintiff's section 1983 claims so as to alter the Court's November 9, 2005 Order granting Defendants' motion for summary judgment and dismissing the Complaint with prejudice.


**November 23, 2005**             **s/ Jerome B. Simandle**
Date                              JEROME B. SIMANDLE
                                  U.S. District Judge